[No. 2,942.]

## DAVID PORTER v. FRANCES E. GAMBA.

SOLE TRADER—FINDING OF "FULL COMPLIANCE WITH STATUTE."—A finding that there was a full compliance by a married woman with the statute of 1862 relating to sole trader (Stats. 1862, p. 108), is equivalent to a finding that she was authorized to carry on the business specified in her own name and on her own account.

MANAGEMENT OF HUSBAND DOES NOT EXEMPT SOLE TRADER FROM LIABILITY.—A sole trader cannot claim exemption from liability, as such, on the ground that she permitted her husband to manage and control the business.

SOLE TRADER ACT—CONSTRUCTION OF PROVISION AGAINST HUSBAND'S MANAGEMENT.—The provision in section three of the Sole Trader Act (Stats.

CAL. REPS. XLIII—14

1862, p. 108,) that " nothing contained in this Act shall be deemed to author-
ize a married woman to carry on business in her own name when the same
is managed or superintended by her husband," was intended only for the
protection of the creditors of the husband, and to prevent collusion and
fraud between husband and wife, but not to shield the wife from her liability
as a sole trader.

FORM OF JUDGMENT AGAINST SOLE TRADER.—There is no objection to a
general judgment against a sole trader on a claim for which she, as such,
is liable.

EVIDENCE.—Matters of mere inducement do not require strict proof.

APPEAL from the District Court of the Twelfth Judicial
District, City and County of San Francisco.

The demand in this action was for the sum of six hundred
and fifty-eight dollars, the value of wines and liquors fur-
nished defendant for the purposes of her business as a sole
trader. The judgment was in favor of plaintiff and against
defendant, by name, for that amount, with costs. In the
course of the trial the plaintiff called Wm. M. Pierson as a
witness, who testified that he was an attorney at law; that
he knew the Gambas; that as attorney for certain persons
he had advised the levy of an attachment or execution
against the restaurant on Market street, in San Francisco,
where Mrs. Gamba did business. Being requested by de-
fendant to fix dates, he said that he could not tell when
it was; that he thought the suit was against defendant's
husband; that the suit was in a Justice's Court, and Mrs.
Gamba testified in it, and that there was an attachment or
execution levied against the restaurant. The defendant
moved to strike out the testimony of the witness referring
to the suit, on the ground that no date was fixed, and it was
not the best evidence. The motion was denied.

The defendant appealed.

*J. C. Bates,* for Appellant.

The findings do not support the judgment, because it
appears therefrom that defendant was only authorized to

carry on business in her own name as sole trader, and not on "her own account." And it also appears therefrom that defendant failed to comply with the statute by having her husband manage and superintend the business. The Act requires certain formalities to be complied with, which are: First, that the business be described; second, that she intends to carry on business in her own name; and third, on her own account—and unless she has all those privileges she is not a sole trader in law. (*Adams* v. *Knowlton*, 22 Cal. 289.)

The Act is not fulfilled by a married woman making, advertising, and recording certain declarations and orders, but the substantive provision of the Act is that those prescribed forms, having been duly observed, the woman shall in good faith carry on the business thereafter on her own account. (*Hurlburt* v. *Jones*, 25 Cal. 229.)

The form of the judgment is erroneous, as it is valid only so far as concerns defendant's separate property invested in and resulting from such business as sole trader. (*Camden* v. *Mullen*, 29 Cal. 566.)

There was error in admitting the testimony of Mr. Pierson, for the reason that no date was fixed, and it was not the best evidence.

*George & Loughborough,* for Respondent.

The Sole Trader Act does not prohibit the husband from assisting his wife in the business, or taking part in its management.

The prohibition in the third section of the Act was intended only for the protection of creditors, and to cut off an easy escape for fraud; but the construction claimed by appellant would furnish another and greater facility for the practice of fraud. The plaintiff having shown that the defendant had regularly obtained the right to carry on a particular business as sole trader, the fact that she dealt with the plaintiff within the scope of that business, was sufficient evidence

that she availed herself of the privilege, and that her contract was on account of the business. (*Melcher* v. *Kuhland*, 22 Cal. 522.)

Mr. Pierson was called as a witness for the sole purpose of contradicting certain evidence given by the defendant, which is omitted from the statement. No error appears in the admission of his testimony, whether for that or any other purpose, but if erroneous, it was not prejudicial.

There is no objection to the form of the judgment, for the reason that the statute does not limit the responsibility of the wife for debts contracted as a sole trader, but she becomes liable generally.

By the Court, CROCKETT, J.:

The defendant is a married woman, and the plaintiff sues to recover the amount of a book account for merchandise sold to her, as a sole trader, carrying on the business of keeping a saloon and restaurant. The plaintiff had judgment and the defendant appeals, both from the judgment and from an order denying her motion for a new trial. The Court finds, that after a due compliance with the statute of 1862 (Stats. 1862, p. 108), the defendant was authorized, in her own name, as a sole trader, to carry on the business of keeping a saloon and restaurant, and that as such sole trader she purchased of the plaintiff the merchandise in question for use in her said business. It is objected, that the finding does not show a full compliance with the statute, because it does not appear that she was authorized to carry on the business on her own account as well as in her own name. But the Court finds there was a full compliance with the statute, which is equivalent to a finding that she was authorized to carry on the business in her own name and on her own account. Nor can we disturb the findings on the ground that they were not justified by the evidence. There was

evidence tending strongly to show that she purchased the goods as a sole trader, and promised to pay for them as such; nor can she claim exemption from liability as a sole trader on the ground that she permitted her husband to manage and control the business of the saloon and restaurant. The third section of the Act of 1862 contains a provision to the effect that "nothing contained in this Act shall be deemed to authorize a married woman to carry on business in her own name when the same is managed or superintended by her husband." This provision was intended only for the protection of the creditors of the husband, and to prevent collusion and fraud between the husband and wife, but not to shield the wife from her liability as a sole trader. Creditors of the wife, dealing with her as a sole trader, would have but little security if their claims could be defeated at the option of the wife by her turning over the management of her business to her husband. Obviously this provision of the statute is not capable of the construction placed upon it by the defendant's counsel. The objection to the form of the judgment is not well taken, and there was no error in the admission of testimony. The witness Pierson was called to contradict the defendant by proof of her admissions, and what he stated in respect to the pendency of the action before the Justice was only by way of inducement.

Judgment affirmed.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.